**SUPERIOR CAFETERIA AND LUNCH CO., Inc., and National Union Fire Insurance Co. of Pittsburgh, Appellants,**

**v.**

**Theodore BRITTON, Deputy Commissioner, District of Columbia Compensation District, Bureau of Employees' Compensation, United States Department of Labor, Appellee.**

**No. 16731.**

United States Court of Appeals District of Columbia Circuit.

Argued May 24, 1962.

Decided June 21, 1962.

Petition for Rehearing Denied Sept. 12, 1962.

# 664

Mr. John Flather Ellis, Washington, D. C., for appellants.

Mr. Herbert P. Miller, Asst. Sol., Dept. of Labor, with whom Messrs. Charles Donahue, Sol., Dept. of Labor, David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., were on the brief, for appellee. Mr. Judah Best, Asst. U. S. Atty., also entered an appearance for appellee.

Before WASHINGTON, BASTIAN and WRIGHT, Circuit Judges.

PER CURIAM.

This is a workmen's compensation case, in which the employer and its insurance carrier seek to set aside an award made by the Deputy Commissioner. The employee, a man of 69, suffered an inguinal hernia when he lifted a case of canned goods during his employment. Surgery was originally recommended, but was not performed because the employee's poor state of health was deemed by the surgeons to preclude it. He suffered from myocardial weakness, coronary insufficiency, interference with transmission of the heart beat, and urinary infection. Appellants urge that under Section 8(f) of the governing statute [1] the employee was suffering from a "previous disability," and that appellants should accordingly be relieved from payment of compensation for permanent partial disability resulting from the hernia. We do not agree. We accept the Government's position that the employee's underlying weakness and poor health did not under the circumstances of this case constitute previous disability within the meaning of the statute, or increase his disability from the work-produced hernia, but simply prevented possible reduction of the hernia disability by surgery. We therefore regard Section 8(f) as inapplicable.[2] The grant by the District Court of summary judgment to the Government will accordingly be

Affirmed.

1. Section 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 908(f), provides:

"Compensation for disability shall be paid to the employee as follows:

\*　　\*　　\*　　\*　　\*

"(f) Injury increasing disability: (1) If an employee receive an injury which of itself would only cause permanent partial disability but which, combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury: Provided, however, That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in section 944 of this title.

"(2) In all other cases in which, following a previous disability, an employee receives an injury which is not covered by (1) of this subdivision, the employer shall provide compensation only for the disability caused by the subsequent injury. In determining compensation for the subsequent injury or for death resulting therefrom, the average weekly wages shall be such sum as will reasonably represent the earning capacity of the employee at the time of the subsequent injury."

2. The decision in Lawson v. Suwannee S.S. Co., 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949), does not seem to us to require a different result. As was said by Judge Groner in National Homeopathic Hospital Association of the District of Columbia v. Britton, 79 U.S.App.D.C. 309 at 314, 147 F.2d 561 at 566, cert. denied, 325 U.S. 857, 65 S.Ct. 1185, 89 L.Ed. 1977 (1945), "weakness, whether pathological or traumatic, which does not become manifest until a subsequent accident, is not ordinarily thought of as prior disability under any provision of the Act." (Dissenting opinion)